FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 11:12 am, Aug 20, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>10-10739</u> |
| GEORGE CROUSER | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| GEORGE CROUSER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | Number <u>11-01047</u> |
| BAC HOME LOANS SERVICING, L.P., | ) | |
| f.k.a., COUNTRYWIDE HOME LOANS, | ) | |
| L.P. | ) | |
| | ) | |
| Defendant | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is an Amended Objection to Plaintiff's Motion to Approve Settlement and Dismiss with Prejudice filed by the Chapter 13 Trustee ("Trustee") arguing that proceeds received in the settlement of this adversary proceeding under 11 U.S.C. §362(k) are property of the bankruptcy estate. This is a core proceeding pursuant to 28 U.S.C. §157(b) and the Court has jurisdiction pursuant to 28 U.S.C. §1334.

1

## FINDINGS OF FACT

George Crouser ("Debtor") filed a voluntary bankruptcy petition under chapter 13 of the Bankruptcy Code on March 27, 2010. The case was confirmed on August 24, 2010, providing a 0% dividend to unsecured creditors under the plan. On August 30, 2011, Debtor commenced this adversary proceeding against Bank of America ("Bank of America"), a secured creditor, for post-confirmation violations of the automatic stay. A settlement agreement was reached in the adversary proceeding by which the Debtor would receive $25,000.00, a portion of which would be designated for payment of attorney fees and the remainder being turned over to either the debtor or the trustee for distribution depending on the outcome of this order. Debtor filed a motion to approve the settlement and dismiss the adversary proceeding. The Trustee objects to approval of the Debtor receiving any of the settlement proceeds arguing such funds are property of the bankruptcy estate since Debtor does not have any remaining exemptions. For the reasons set forth below, I agree with the Trustee.

## CONCLUSIONS OF LAW

The issue is whether the settlement proceeds from this post-confirmation §362(k) stay violation action are property of

2

the bankruptcy estate, subject to distribution to Debtor's unsecured creditors. Section 362(k) of the Bankruptcy Code provides in relevant part:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k).[1] Debtor argues §362(k) claims, by their nature, cannot possibly exist at the commencement of a bankruptcy proceeding, therefore, such claims cannot be property of the bankruptcy estate. For the reasons discussed below and under the facts of this case, I disagree.

Under §541(a)(1) of the Bankruptcy Code, property of the bankruptcy estate includes "all legal and equitable interests of the debtor in property as of commencement of the case." 11 U.S.C. §541(a)(1). Undeniably, the cause of action for violation of the automatic stay cannot exist at the commencement of the case because the stay in a chapter 13 case begins at commencement - that is, filing of the bankruptcy petition. However, 11 U.S.C. §1306 states:

---

[1] Subsection 362(h) was redesignated as subsection 362(k) by the 2005 amendments to the Bankruptcy Code.

3

>   (a) Property of the [chapter 13 bankruptcy] estate includes, in addition to the property specified in section 541 of this title –
>
>   (1) All property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . .

11 U.S.C. §1306(a)(1). In statutory construction, "[o]ur highest responsibility . . . is to read the laws in a consistent way." Chisom v. Roemer, 501 U.S. 380, 417 (1991) (Scalia, dissenting). Reading §1306(a)(1) and §541(a)(1) as consistent with each other, §1306(a)(1) expands the scope of §541(a)(1) in chapter 13 bankruptcy cases to include "all legal and equitable interests of the debtor" both at commencement of the case and those "that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. §541(a)(1); 11 U.S.C. §1306(a)(1). Section 1306 alters the time limitation set forth in Section 541(a)(1) to include all such property that a chapter 13 debtor acquires after the commencement of the bankruptcy case.

While section 541 applies to all bankruptcy cases filed under any chapter of the Bankruptcy Code, section 1306 provides for an expansion of that provision applicable only to chapter 13 cases. Debtor argues §541 and §1306 include all legal or

4

equitable interests available to the Debtor at commencement of the bankruptcy case. Since a stay violation, by its very nature, is not available at the commencement of the bankruptcy case, Debtor argues it cannot be property of the bankruptcy estate. I disagree and find such interpretation ignores the purpose of §1306(a)(1) with respect to chapter 13 cases.

Debtor cites the Labuzan case for the proposition that "Congress could have easily included §362(k) claims under the 'property of the estate' umbrella of §541" but it did not. See St. Paul Fire & Marine Ins. Co. v. Labuzan, 579 F.3d 533, 545 (5th Cir. 2009). Unlike the case now before the Court, the Labuzan case involved a determination of what constituted property of a chapter 7 case as opposed to a chapter 13 case and so the court did not address 11 U.S.C. §1306. See Id. Unlike the case sub judice, chapter 7 cases have no corresponding provision to 11 U.S.C. §1306(a)(1).

This interpretation of §541(a)(1) and §1306 is further supported by the principles set forth by the Eleventh Circuit in the Waldron case. See In re Waldron, 536 F.3d 1239 (11th Cir. 2008). The Eleventh Circuit found that while property of the bankruptcy estate vests in the debtor at confirmation of the chapter 13 plan, property acquired by the debtor after

5

confirmation comes into the estate under 11 U.S.C. §1306(a) until the case is dismissed, closed, or converted. <u>Id.</u> at 1243. Under the <u>Waldron</u> analysis, these settlement proceeds become part of the bankruptcy estate. <u>Id.</u>; <u>see also</u> <u>In re Key</u>, 465 B.R. 709, 712 (Bankr. S.D. Ga. 2012) <u>citing</u> <u>In re Walsh</u>, 2011 WL 2621018 at *2 (Bankr. S.D. Ga. June 15, 2011)("[S]ection 1306(a)(1) clearly alters §541(a)(1). . . and it specifically incorporates into the chapter 13 estate all of the §541(a)(1) interests . . . the debtor acquires after the commencement of the case."); <u>see also</u> <u>In re Cox</u>, 214 B.R. 635, 649, 669 (Bankr. N.D. Ala. 1997)(damages from a post-confirmation violation of the automatic stay in the chapter 13 case were property of the estate by virtue of §1306(a)).

Debtor distinguishes <u>Waldron</u>, arguing unlike a stay violation, a personal injury claim can arise pre-petition and therefore it is "of the kind specified" in §541. However, I find this distinction ignores the language of §1306 and its purpose. Section 1306 specifically alters the general time constraint set forth in §541(a)(1) and includes as property of the estate all debtor's legal and equitable interest obtained post-petition, not just those available at the commencement of the bankruptcy case. See <u>In re Key</u>, 465 B.R. at 712 ("[S]ection 1306(a)(1) clearly

6

alters §541(a)(1). . . and it specifically incorporates into the chapter 13 estate all of the §541(a)(1) interests . . . the debtor acquires after the commencement of the case.").

Similarly, as Judge Davis has previously held, a post-confirmation claim for damages for wrongful withholding a tax refund in violation of the automatic stay is property of the chapter 13 bankruptcy estate. Flynn v. IRS (In re Flynn), 169 B.R. 1007, 1024-25 (Bankr. S.D. Ga. 1994), aff'd in part and rev'd in part on other grounds, 185 B.R. 89 (S.D. Ga. 1995) (debtor's recovery for violation of the automatic stay must be offset by the remaining claims in his chapter 13 case); In re Brown, 159 B.R. 1014, 1019 (Bankr. S.D. Ga. 1993) (finding a recovery from a §362(h) stay violation action was property of the estate even though the recovery occurred upon re-opening of the case); see also In re Graham, 2009 WL 8590643 (Bankr. S.D. Ga. June 18, 2009)(requiring the debtor's attorney to hold the actual and punitive damages award for violation of the stay in his trust account pending review by the Court and Chapter 12 Trustee as "those sums represent property of the estate to be distributed to creditors" pursuant to 11 U.S.C. §1207, which is the chapter 12 counterpart to 11 U.S.C. §1306).

7

Debtor contends the holdings of In re Flynn and In re Brown are unpersuasive because they considered the issue of sovereign immunity. However, in determining whether the government had waived its sovereign immunity defense, the courts had to address the same issue currently before this Court of whether the proceeds from a stay violation are property of the bankruptcy estate. For these reasons, I find the analysis of these cases is further support for the conclusion that these proceeds are property of the chapter 13 bankruptcy estate.

Debtor argues such a conclusion dis-incentivizes debtors from pursuing §362(k) causes of actions. Notwithstanding this argument, I find the Bankruptcy Code dictates these proceeds are property of the bankruptcy estate. The Bankruptcy Code is Congress' balance of creditor and debtor rights. Congress included such property in the bankruptcy estate pursuant to 11 U.S.C. §541 and §1306(a). "Certainly Congress did not intend for debtors who experience substantially improved financial conditions after confirmation to avoid paying more to their creditors." Arnold v. Weast (In re Arnold), 869 F.2d 240, 242 (4th Cir. 1989). Furthermore, debtors may pursue other relief in addition to the stay violation damages such as: a reduction of the amount secured debt, forgiveness of an arrearage claim; or

8

cancellation of the security interest. In addition, an increased pro rata distribution to creditors is not a windfall to creditors. Under the Bankruptcy Code, "creditors share both the gains and losses of the debtor." Waldron, 536 F.3d at 1246.

For these reasons, it is ORDERED that the Amended Objection to Plaintiff's Motion to Approve Settlement and Dismiss with Prejudice filed by the Trustee is SUSTAINED.[2] The Trustee shall hold the remaining funds as set forth herein until the terms of this order become a final non-appealable order at which time the Trustee shall disburse the funds as property of Debtor's bankruptcy estate in accordance with the terms of this Order, the Bankruptcy Code, and Debtor's confirmed chapter 13 plan. To the extent that Debtor is in possession of any proceeds from this settlement, Debtor is hereby ORDERED to turn over such proceeds in compliance with the terms of this Order.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this 20th Day of August 2012.

---

[2] Previous orders having been entered authorizing payment of attorney's fees in the amount of $8,333.33 to Debtor's counsel. Order, Dckt. No. 31.